**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| MONA W. GALLOWAY, ) ) Plaintiff, ) ) v. ) ) MICHAEL J. ASTRUE, ) **Commissioner of Social Security,** ) ) Defendant. ) | ) ) ) ) ) **MEMORANDUM OPINION** ) **AND RECOMMENDATION** ) ) ) ) ) ) |

Plaintiff, Mona W. Galloway, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security affirming the cessation of her Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). The parties have filed cross-motions for judgment, and the administrative record has been certified to the court for review.

**Procedural History**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on August 19, 2002, alleging a disability as of April 10, 2002. Tr. 72. Plaintiff's application was granted at the initial level on October 4, 2002. Tr. 33.

Subsequent to a mandated review, see 20 C.F.R. § 404.1589, the Social Security Administration ("SSA") notified Plaintiff that, as of December 1, 2004, she

was no longer entitled to receive benefits. Tr. 35. After Plaintiff requested reconsideration, a Disability Hearing Officer ("DHO") affirmed the cessation by decision dated July 6, 2005. Tr. 53-61.

Plaintiff thereafter requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). Tr. 67. The hearing, at which Plaintiff and her representative were present, was held on December 12, 2006. Tr. 324. By decision dated May 2, 2007, the ALJ determined that Plaintiff's disability ended as of December 8, 2004. Tr. 20-26. On April 15, 2009, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, Tr. 7, thereby making the ALJ's determination the Commissioner's final decision for purposes of judicial review.

In deciding that Plaintiff is no longer entitled to benefits, the ALJ made the following findings, which have been adopted by the Commissioner:

> 1. The most recent favorable medical decision finding that the claimant was disabled is the decision dated October 4, 2002. This is known as the "comparison point decision" or CPD.
>
> 2. At the time of the CPD, the claimant had the following medically determinable impairments: status post three back surgeries, degenerative disc disease of the lumbar spine, and degenerative disc disease of the cervical spine. These impairments were found to meet section 1.04A of 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d)).
>
> 3. Through December 8, 2004, the date the claimant's disability ended, the claimant did not engage in substantial gainful activity (20 C.F.R. 404.1594(f)(1)).

4. The medical evidence establishes the claimant did not develop any additional impairments after the COPD through December 8, 2004. Thus, <u>the claimant continued to have the same impairments that she had at the time of the COPD.</u> (Emphasis in original.)

5. As of December 8, 2004, the claimant does not have an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 IFR 404.1525 and 404.1526).

6. Medical improvement occurred as of December 8, 2004 (20 IFR 404.1594(b)(1)).

7. The claimant's medical improvement is related to the ability to work because, as of December 8, 2004, the claimant no longer had an impairment or combination of impairments that met or medically equaled a listing (20 C.F.R. 404.1594(c)(3)(i)).

8. As of December 8, 2004, the claimant's impairments were severe (20 C.F.R. 404.1594(f)(6)).

9. As of December 8, 2004, the claimant has the residual functional capacity to lift and carry up to 20 pounds occasionally and nominal weight frequently. She is able to sit for at least 6 hours of an 8-hour workday, and stand/walk for up to 2 hours of an 8-hour workday.

10. As of December 8, 2004, the claimant was unable to perform past relevant work (20 C.F.R. 404.1565).

11. On December 8, 2004, the claimant was an individual closely approaching advanced age (20 C.F.R. 404.1563).[1]

12. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. 404.1564).

13. Beginning on December 8, 2004, transferability of job skills is not material to the determination of disability because using the Medical-

---

[1] Pursuant to 20 C.F.R. § 404.1563(c), this finding is in error. On December 8, 2004, Plaintiff was 48 years old, which is defined as a "younger individual."

Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

14. As of December 8, 2004, considering the claimant's age, education, work experience and residual functional capacity, the claimant is able to perform a significant number of jobs in the national economy (20 C.F.R. 404.1560(c) and 404.1566).

15. The claimant's disability ended as of December 8, 2004 (20 C.F.R. 404.1594(f)(8)).

Tr. 21-26.

## Analysis

In her brief before the court, Plaintiff argues that the ALJ committed reversible error by mis-applying the Medical-Vocational Rules in finding that Plaintiff is not disabled. The Commissioner contends otherwise and urges that substantial evidence supports the determination that Plaintiff was not disabled.

### Scope of Review

The Act provides that, for "eligible"[2] individuals, benefits shall be available to those who are "under a disability," defined in the Act as the inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A).

---

[2] Eligibility requirements for DIB are found at 42 U.S.C. § 423(a)(1).

4

Once the decision has been made to grant a claimant benefits, there is no presumption of continuing disability, see id. § 423(f)(4); rather, that decision is subject to periodic review. See 20 C.F.R. § 404.1589. The prior determination – the "comparison point decision" – is used as a reference point from which to evaluate whether any medical improvement has been realized relating to the individual's ability to work. 42 U.S.C. § 423(f). The Commissioner defines "medical improvement" as:

> any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s)[.]

Id.

In turn, the medical improvements that are relevant to a disability determination must be those that increase an individual's functional capacity to engage in gainful activity, i.e., the ability to do basic work. 20 C.F.R. § 404.1594(b)(3), (4). To make this determination, the Commissioner employs an eight-step sequential analysis:

(1) Is the beneficiary working?

(2) If not, does the impairment meet or equal a listing?

(3) If not, has there been "any" medical improvement?

(4) If medical improvement, does such improvement relate to the ability to work?

(5) If no improvement, does an exception[3] apply?

(6) If there is an improvement related to work ability, are the current impairments, alone or in combination, "severe"?

(7) If there is a severe impairment, does the beneficiary's residual functional capacity ("RFC") permit performance of past work?

(8) If not, does the beneficiary have the RFC to perform other work?

20 C.F.R. § 404.1594(f)(1)-(8). If the Commissioner finds conclusively that a claimant is disabled at any point in this process, review does not proceed to the next step. See id.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Substantial evidence is:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of

---

[3] None of the "exceptions" listed in subsections (d) and (e) of the regulation are applicable hereto.

6

> evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that this conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

**Issue**

Application of Medical-Vocational Rules

The ALJ found that Plaintiff has the RFC to lift and carry up to 20 pounds occasionally and nominal weight frequently, and that she is able to sit for at least 6 hours and stand/walk for up to 2 hours in an 8-hour workday. Tr. 22. The exertional criteria for a full range of light work requires the abilities to lift 20 pounds frequently and 10 pounds occasionally and to stand or walk for a total of 6 hours in an 8-hour workday. 20 C.F.R. 404.1567(b); Social Security Ruling 83-10, Titles II and XVI: Determining Capability To Do Other Work – The Medical-Vocational Rules of Appendix 2 ("SSR 83-10"). The ALJ acknowledged that his RFC finding limits Plaintiff to less than a full range of light work, but he found that the additional

limitations "had little or no effect on the occupational base of unskilled light work." Tr. 25. Accordingly, the ALJ applied Medical-Vocational Rules[4] (the "Guidelines") to find Plaintiff "not disabled."

Plaintiff argues this finding is in error and that Plaintiff's limitations are incompatible with light work. See Docket No. 8, Pl.'s Br. Supp. Mot. for Summ. J., at 7. Plaintiff argues that her RFC falls between light and sedentary work, and that the ALJ should have consulted a vocational expert to determine the extent Plaintiff's limitations erode the occupational base of light work. Id.

The Commissioner uses age categories in applying the Guidelines. A person under the age of 50 is a "younger individual" and a person aged 50-54 is a "person closely approaching advanced age." 20 C.F.R. § 404.1563(c), (d). Applying the Guidelines, a younger individual of the same age, education and experience as Plaintiff is "not disabled" in both the light and sedentary work categories. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rules 201.18[5], 202.20. Applying the Guidelines, a person closely approaching advanced age of the same age, education and experience as Plaintiff is not disabled in the light work category, but is disabled in the sedentary work category. See id., Rules 201.12, 202.13.

---

[4] 20 C.F.R. Part 404, Subpart P, Appendix 2.

[5] A younger individual age 45-49 with a RFC for sedentary work, with limited or less education and unskilled work experience, is "not disabled" under Rule 201.18. Thus, Plaintiff, with more advanced education, is also "not disabled."

Plaintiff contends that her limited ability to lift only nominal weight frequently and to walk or stand for only 2 hours in an 8-hour workday significantly erodes the light work occupational base, and is more compatible with the definition of sedentary work. Thus, according to Plaintiff, she cannot perform light work but is instead limited to a range of work between sedentary and light work. The Commissioner concedes that Plaintiff's limitations do not allow her to perform a full range of light work and that instead she "retain[s] the ability to perform somewhere in-between a full range of sedentary and light work." Docket No. 10, Mem. in Supp. of Commissioner's Mot. for J. on Pleadings, at 8. The Commissioner further concedes that the ALJ therefore erred by applying the Guidelines instead of seeking testimony from a vocational expert. Id. at 8-9. The Commissioner contends, however, that any errors are harmless. First, the Commissioner argues that there was no error for the period prior to Plaintiff's 50th birthday on September 30, 2006, because the Guidelines direct a conclusion of "not disabled" even if Plaintiff could perform only sedentary work. Id. at 8. Indeed, Plaintiff appears to concede that this is so as she focuses her argument entirely on the period after Plaintiff's 50th birthday, at which time Plaintiff became a "person closely approaching advanced age" for purposes of the Guidelines. See Docket No. 8 at 7-8.

The Guidelines direct a conclusion of "not disabled" for a 50-year-old person with the same education and work experience as Plaintiff who is capable of a full

range of light work. Rule 202.13. However, the same person who is limited to only sedentary work is deemed "disabled." Rule 201.12. As noted earlier, the Commissioner concedes that the ALJ erred in applying the Guidelines, but argues that any error in applying them after Plaintiff reached age 50 is harmless. Docket No. 10 at 9. As noted by the Commissioner, the record indicates that Plaintiff was found, pursuant to a separate application filed June 13, 2007, to be disabled as of January 1, 2006, ten months before her 50th birthday. Id. (citing Tr. 8). Because Plaintiff was already receiving benefits when she turned 50, the Court agrees that Plaintiff has not shown any prejudice to her resulting from the ALJ's error. Thus, remand is not appropriate. See Newton v. Apfel, 209 F.3d 448, 458 (5th Cir. 2000) (reversal only appropriate if plaintiff shows prejudice); Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) (refusing to remand where there was no "reason to believe that the remand might lead to a different result").

**Conclusion and Recommendation**

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and the correct legal principles were applied. Therefore, IT IS RECOMMENDED that the Commissioner's decision finding no disability be AFFIRMED. To this extent, Plaintiff's motion for summary judgment (Docket no. 7) seeking a reversal of the Commissioner's decision should be DENIED, Defendant's

motion for judgment on the pleadings (Docket no. 9) should be GRANTED, and this action should be DISMISSED with prejudice.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: December 19, 2011